UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
AUG 14 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

ROBERT MCFADDEN,

Plaintiff,

v.

26-CV-1678 (JLS)

MICHAEL JOS. WITMER,

Defendant.

**DECISION AND ORDER**

*Pro se* Plaintiff Robert McFadden, a prisoner confined at Lakeview Shock Incarceration Correctional Facility, filed this action seeking relief under 42 U.S.C. § 1983. Dkt. 1. McFadden is dissatisfied with the services provided by his privately retained counsel. *See generally id.*

McFadden seeks permission to proceed *in forma pauperis* ("IFP") and has filed the required authorization. Dkt. 2. Because McFadden meets the requirements of 28 U.S.C. § 1915(a) and filed the required authorization, he is granted permission to proceed IFP. The Court therefore screens his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a).

For the reasons below, McFadden's claims are dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), but with leave to file an amended complaint by **September 28, 2026**.

## DISCUSSION

## I. LEGAL STANDARDS

### A. Review Under the IFP Statutes

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

### B. Pleading Standards

In evaluating a complaint, the court must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must contain sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see Komatsu v. Cubesmart, Daniels Norelli Cecere & Tavel PC*, No. 20-3676-CV, 2021 WL 6060603, at *1 (2d Cir. Dec. 20, 2021) (summary order) (to avoid *sua sponte* dismissal under the IFP statute, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)); *Scott Phillip Lewis v. R.L. Vallee, Inc., d.b.a. Maplefield's*, No. 24-1438, 2025 WL 1077412, at *1 (2d Cir. Apr. 10, 2025) (summary order) (same).

The Court's liberal pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint fails to state a claim if it supplies only "labels and conclusions," *Twombly*, 550 U.S. at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (alteration omitted) (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

### C. Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under Section 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a Section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is "no special rule for supervisory liability." *Tangreti v. Bachmann,* 983 F.3d 609, 618 (2d Cir. 2020). Rather, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* (quoting *Iqbal*, 556 U.S. at 676).

### D. Leave to Amend

Generally, a court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, unless it "can rule out any possibility, however

unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). But a court may deny leave to amend pleadings when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend.").

## II. ALLEGATIONS

McFadden retained attorney Michael Jos. Witmer ("Witmer") to represent him in a habeas proceeding. Dkt. 1 at 1. "Instead of receiving . . . competent, zealous advocacy . . . [McFadden] was subjected to a catastrophic failure of legal representation." *Id.* at 2. Witmer provided "false assurances" that he was handling the required tasks related to litigating McFadden's habeas petition, and "actively obstructed [and] prevented [McFadden] from filing . . . *pro se* or securing alternative legal representation[.]" *Id.* at 40. McFadden asserts claims pursuant to 42 U.S.C. § 1983 and state law. *Id.* at 4. He seeks monetary relief. *Id.* at 41–43.

## III. ANALYSIS

### A. Federal Claims

McFadden asserts violations of the United States Constitution against Witmer. But to assert a claim under Section 1983, he "must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks and citation omitted). This is

"[b]ecause the United States Constitution regulates only the Government, not private parties[.]" *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295 (2d Cir. 1991). The actions of a private party only constitute state action when (1) the private party "performs a traditional, exclusive public function"; (2) "the government compels the private party to take a particular action"; or (3) "the government acts jointly with the private [party]." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019).

Criminal defense attorneys—whether public defenders, court-appointed attorneys, or privately retained counsel—are not persons acting under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Wiggins v. Buffalo Police Dep't.*, 320 F. Supp. 2d 53, 55–56 (W.D.N.Y. 2004).

McFadden's allegations describe only actions taken by Witmer in the course of representing him in a habeas petition. Accordingly, all federal claims against Witmer are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, but with leave to amend. To state a claim against Witmer in an amended complaint, McFadden must make non-conclusory factual allegations showing that Witmer willfully acted in concert with the government to deprive McFadden of his rights. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("[A] private actor acts under color of state law when the private actor 'is

a willful participant in joint activity with the State or its agents.'" (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970))).

### B. State Law Claims

Having dismissed McFadden's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims, at this time, pursuant to 28 U.S.C. § 1367(c). *See Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks and citation omitted)). Accordingly, McFadden's state law claims are dismissed without prejudice. This ruling does not preclude McFadden from repleading his state law claims in an amended complaint or seeking relief in state court.

## CONCLUSION

Because McFadden has met the statutory requirements of 28 U.S.C. § 1915(a) and filed the authorization, his request to proceed *in forma pauperis* is granted. For the reasons above, the complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). McFadden may file an amended complaint by **September 28, 2026** in which he includes the necessary allegations as directed

above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

McFadden is advised that an amended complaint **completely replaces** the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, any amended complaint must include all allegations against Witmer so that the amended complaint stands alone as the only complaint in this action.

**ORDER**

IT HEREBY IS ORDERED that McFadden's motion to proceed IFP (Dkt. 2) is granted; and it is further

ORDERED that McFadden's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2) for failure to state a claim but with leave to amend; and it is further

ORDERED that McFadden may file an amended complaint as directed above by no later than **September 28, 2026**; and it is further

ORDERED that the Clerk of Court shall send to McFadden with this order a copy of the original complaint, a blank Section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if McFadden does not file an amended complaint by the deadline set forth above, the claims dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim, will remain dismissed and the Clerk of Court shall close this case without further order; and it is further

ORDERED that in the event the complaint is dismissed because McFadden has failed to file an amended complaint, this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and it is further

ORDERED that pursuant to Western District of New York Local Rule of Civil Procedure 5.2(d), McFadden must immediately notify the Court in writing each time his address changes. Failure to do so may result in dismissal of the action with prejudice.

SO ORDERED.

Dated: August 14, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE