UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
FILED
OCT 27 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

ROBERT MCFADDEN,

Plaintiff,

v.

26-CV-1678 (JLS)

MICHAEL JOS. WITMER,

Defendant.

**DECISION AND ORDER**

*Pro se* Plaintiff Robert McFadden is a prisoner confined at Lakeview Shock Incarceration Correctional Facility. He filed this action seeking relief under 42 U.S.C. § 1983 and sought permission to proceed *in forma pauperis* ("IFP"), which the Court granted. Dkt. 3.

Because McFadden is a prisoner proceeding IFP, the Court screened his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). *Id.* (the "initial screening order"). In that Decision and Order, the Court dismissed McFadden's claims with leave to amend.

McFadden timely filed an amended complaint. Dkt. 11. The Court now screens the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the below reasons, the amended complaint is dismissed with prejudice.

## DISCUSSION

### I. LEGAL STANDARDS

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal).

A complaint states a claim for relief if the claim is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal, *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), but permission to amend is not required where the plaintiff has been afforded a prior opportunity to amend, *Cato v. Zweller*, No. 6:21-CV-6207 EAW, 2023 WL 8653857, at *2 (W.D.N.Y. Dec. 14, 2023) (dismissing the amended complaint with prejudice because it "does not remedy any of the pleading deficiencies identified in the Screening Order").

## II. ANALYSIS

The initial screening order apprised McFadden that, to assert a claim under Section 1983, he "must first establish that the challenged conduct constitutes state action." Dkt. 3 at 5 (quoting *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012). The Court further apprised McFadden that criminal defense attorneys are not persons acting under color of state law "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 6 (quoting *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Because the allegations in the complaint described only actions taken by Witmer in the course of representing McFadden in a criminal proceeding, specifically, litigating a habeas petition, the Court dismissed all federal claims against Witmer. In granting leave to amend, the Court apprised McFadden that his amended complaint must include non-conclusory factual allegations showing that Witmer willfully acted in concert with the government to deprive McFadden of his rights. Dkt. 3 at 6-7. McFadden's amended complaint does not include such allegations.

The amended complaint describes the actions Witmer took and allegedly failed to take in the course of litigating McFadden's habeas petition, but it does not include non-conclusory factual allegations showing that Witmer willfully acted in concert with the government to deprive McFadden of his rights. For example, that Witmer did not file objections to the Magistrate Judge's report and recommendation does not reasonably infer that Witmer "effective[ly] act[ed] in concert with the Attorney General's Office." Dkt. 11 at 3 ¶ 8. The exhibits McFadden filed generally

support his allegations of misconduct against Witmer but do not evince any conduct that would support a finding that Witmer willfully acted in concert with the government to deprive McFadden of his rights. *See generally* Dkt. 10.

Consequently, McFadden has failed to show that Witmer is a state actor. McFadden's federal claims are dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Having dismissed McFadden's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c). *See Pension Benefit Guar. Corp. ex rel. Saint Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal quotation marks and citation omitted)).

**ORDER**

It is hereby ORDERED that McFadden's amended complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(2) for failure to state a claim; the Clerk of Court is directed to close this case as dismissed with prejudice; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v.*

*United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: October 27, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE